ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

HON. WHITMAN L. HOLT

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br><br>Plaintiffs,<br><br>vs.<br><br>RABO AGRIFINANCE LLC, a Delaware limited liability corporation,<br><br>Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms") are the debtors and debtors in possession and plaintiffs in the above-captioned adversary proceeding (the "Debtors" or "Plaintiffs").    The Debtors, by this Complaint, seek injunctive relief to prohibit Rabo Agrifinance LLC, the defendant herein ("Rabo" or "Defendant"), from engaging in collection efforts against the general partners of Farms, Cody Easterday, Debby Easterday and Karen Easterday (in her individual capacity and as the representative of her recently deceased husband, Gale Easterday), who are co-owners of several of the Debtors' real property assets (collectively, the "Partners"). Such collection efforts by Rabo are the subject of a lawsuit captioned *Rabo Agrifinance LLC, Plaintiff v. 3E Properties et. al. Defendants*, Case No. 21-cv-05066, pending in the District Court for the Eastern District of Washington, Richmond Division which is being actively pursued against the Partners (the "Rabo Action").[2]  The injunctive relief requested by this Complaint – enjoining Rabo's collection efforts against the Partners until the effective date of a plan in these chapter 11 cases – is necessitated as the Debtors require the immediate and continued attention, assistance and cooperation of the Partners to facilitate and implement the contemplated sales process of the Debtors' real and personal property assets and their continued assistance in connection with the Debtors' contemplated plan in these chapter 11 cases.[3]  In support of this Complaint, the Debtors allege as follows:

---

[2] The complaint filed by Rabo in the Rabo Action is referred to herein as the "Rabo Complaint" and is attached hereto as **Exhibit A**.

[3] By this Complaint, the Debtors do not seek to substantively impair the rights of Rabo with respect to its asserted claims or liens.  Rabo will continue to hold any claims or liens with the same validity, extent and priority that such claims and liens would otherwise be entitled to in the Debtors' chapter 11 cases or vis-à-vis the Partners or other defendants in the Rabo Action (the "Rabo Defendants").

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## JURISDICATION, VENUE AND PARTIES

1.     The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.     Venue is proper in this District under 28 U.S.C. § 1409.

3.     The proceeding has been brought in accordance with Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure.

4.     Debtor Easterday Ranches, Inc. is a Washington State corporation.

5.     Debtor Easterday Farms is a Washington State general partnership.

6.     Defendant Rabo is a Delaware limited liability company, fka Rabo Agrifinance, Inc.

## THE PARTNERS

7.     Cody Easterday is an individual residing in Franklin County, Washington, and he is a general partner of Farms and a purported owner[4] of parcels of real property that make-up the "farms" defined here as (a) Goose Gap Farm; (b) River Farm; and (c) Cox Farm.

8.     Debby Easterday is an individual residing in Franklin County, Washington, and she is a general partner of Farms and a purported owner of parcels of real property that make-up the "farms" defined here as (a) Goose Gap Farm; (b) River Farm; and (c) Cox Farm.

---

[4] The Debtors are continuing to analyze issues relating to ownership and title of the Sale Properties and reserve all rights with respect thereto.  Nothing herein should be deemed an admission with respect to title or ownership regarding any of the Sale Properties.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

9.     Karen Easterday is an individual residing in Franklin County, Washington, and she is a general partner of Farms and a purported owner of parcels of real property that make-up the "farms" defined here as (a) Goose Gap Farm; (b) River Farm; and (c) Cox Farm. Karen Easterday is also the personal representative of the estate of Gale Easterday. Gale Easterday was a general partner of Farms and a purported owner of parcels of real property that make up the "farms" defined here as (a) Goose Gap Farm; (b) River Farm; and (c) Cox Farm.

## **BACKGROUND FACTS**

10.    Plaintiffs incorporate herein and re-allege the allegations above.

**A.    Case Background**

11.    On February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before this court.

12.    On February 8, 2021 (the "Farms Petition Date," together with the Ranches Petition Date, the "Petition Dates"), Farms also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

13.    The Debtors continue to operate and manage their business and affairs as debtors in possession in their chapter 11 cases pursuant to sections 1107 and 1108 of the Bankruptcy Code.

14.    On February 16, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed the following creditors to the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee"): (i) J.R. Simplot; (ii) Alto Nutrients; and (iii) Animal Health International.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

15.     On February 22, the U.S. Trustee appointed the following creditors to the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187 and 193] (the "Farms Committee" and together with the Ranches Committee, the "Committees"): (i) Labor Plus Solutions, Inc.; (ii) The McGregor Company; (iii) John Deer Financial; (iv) Dykman Electrical Inc.; (v) Two Rivers Terminal; and (vi) Frank Bushman.

**B.     The Debtors' Business Operations and the Properties**

16.     The Debtors operate commercial farming and ranching operations which require significant acreage to accommodate the Debtors' expansive operations.  In this regard, the Debtors' operations span approximately 22,500 acres over multiple farms, lots/ranches, and other complexes and facilities, which are generally referred to by their common names: (i) Goose Gap Farm, (ii) River Farm, (iii) Nine Canyon Farm, (iv) Cox Farm, and (v) a storage complex and farmhouse on River Farm (the "Storage Complex," and, collectively, the "Sale Properties").

17.     Though the Storage Complex and Nine Canyon Farm (the "Debtor Properties") are owned by the Debtors, the Partners, Farms and Ranches own separate parcels of real property contained within the larger boundaries of Cox Farm and River Farm (the "Joint Properties").  The Partners assert that they own Goose Gap Farm, which is adjacent to or connected with the Joint Properties and/or the Debtor Properties (the "Non-Debtor Property").  Nevertheless, the Debtors, working with their professionals, are in the process of untangling the ownership issues with respect to the various parcels encompassing the above referenced "farms."

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

18.     Because of the contiguity and interconnectedness of the Sale Properties, it was critical that the Debtors be able to market and sell all of the Sale Properties in a single process.  Doing so would maximize value for all of the Debtors' stakeholders and, conversely, the failure to do so would have a material negative impact on the proceeds that could be realized from the sale of only the Debtor Properties.

19.     On June 16, 2021, the Debtors held an auction for the Sale Properties.  At the conclusion of the auction, Farmland Reserve, Inc. ("Farmland Reserve") was named the winning bidder with a bid of $209 million.  A hearing to approve the sale to Farmland Reserve is currently set for July 14, 2021.

20.     The interrelationship between the Partners and the Debtors, the ownership of individual parcels making up the boundaries of the Joint Properties, and the interconnectedness of the businesses and activities conducted on the Sale Properties, including among other things, water delivery systems, together create complicated issues, including over allocation and the application of net proceeds, that are best addressed in a single, comprehensive sale process that incorporates all of the Sale Properties.  Therefore, as discussed in further detail herein, the Debtors and Partners agreed to a court-approved Cooperation Agreement [Docket. No. 655] (the "Cooperation Agreement"),[5] the Cooperation Agreement so that those complicated issues would not delay or hinder the effort to sell the Sale Properties.  Rather, the parties to the Cooperation Agreement agreed to work together to maximize the value of the Sale Properties and then determine the resolution of claims among the parties and how the resulting proceeds should be allocated after the sale.

---

[5] A copy of the Cooperation Agreement is attached hereto as **Exhibit B**.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21.     Without the cooperation of the Partners, the Debtors would be in a position to sell only those Debtor Properties where the state of ownership is uncontested which would delay the sale of the other Sale Properties.  Even then, given water rights on the Debtor Properties and their proximity to the Joint Properties and the Non-Debtor Property, selling the Debtor Properties alone would have a material negative effect on the sale and ultimately on the total value received by the Debtors' estates.  Moreover, even if an agreement were ultimately reached with respect to the sale of the Joint Properties and/or the Non-Debtor Property, the failure to market and sell them together would have materially impaired their value.

22.     As a result of the Partners' cooperation and the inclusion of the Joint Properties and the Non-Debtor Property in the proposed sale, the Debtors' sale process resulted in a stalking horse bid for the Sale Properties of more than $193 million, and a final winning bid at the auction of $209 million.

23.     In exchange for agreeing to the immediate sale of the Non-Debtor Property in a cooperative fashion, the Partners obtained via the Cooperation Agreement the Debtors' commitment to seek an injunction against any party that sought to take action against the Partners before the Debtors' chapter 11 plan became effective.  The Partners will not continue to cooperate with the Debtors if they are forced to litigate with their creditors outside of the Debtors' bankruptcy cases while the sale process is ongoing before an allocation has been determined and a plan confirmed.  Of the six Enjoined Parties identified in the Cooperation Agreement, five have consented to the terms of the injunction in the Cooperation Agreement.  Rabo is the lone party that has refused to consent, necessitating the bringing of this action.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

24.     If the Debtors were to default in seeking or obtaining an injunction against the last hold-out, Rabo, and the Partners were to terminate the Cooperation Agreement before the completion of the sales, the financial consequences to the Debtors and their estates would be devastating.  Even if the sales were able to be completed, the Partners' continuing obligation to cooperate in the development of an allocation process and their willingness to negotiate a consensual plan are essential to the Debtors' efforts to develop a plan that provides for recovery to the creditors in a reasonable period of time.  If an agreement with respect to the allocation of the sale proceeds and/or a contribution of the Partners to a plan is not achieved, then any meaningful recovery to creditors will become mired in extensive and costly litigation to the detriment of all.

## C.     **The Rabo Debt and the Rabo Action**

25.     Rabo filed the Rabo Complaint naming the Partners, 3E Properties, and Jody Easterday as defendants (the "Rabo Defendants").  At its core, Rabo is seeking to collect on a debt that it alleges it is owed by Farms and Cody Easterday, referred to in the Complaint as the VF Loan (the "Farms Loan").   Rabo asserts that the Farms Loan is in default and that it is owed no less than $1,053,244.59 (as of February 8, 2021) with interest accruing at a rate of twenty-one percent (21%) per annum.  Rabo Complaint ¶55.  Rabo further asserts that the Farms Loan is secured by the Property and is subject to the Mortgages. Rabo Complaint ¶ 13.  The Property is owned by 3E Properties, Jody Easterday and the Partners.   Rabo Complaint ¶¶ 5-9.  The Rabo Complaint further alleges that Farms is obligated under the Mortgages and so each of the Partners is jointly and severally liable for the Farms Loan under Washington law.  Rabo Complaint ¶¶ 6-9.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

26.     Rabo's assertions with respect to both the Event of Default and the security for the Farms Loan are based on reading together two separate loan agreements referred to in the Rabo Complaint as the RLOC Credit Agreement and the MCA.  It is the Debtors' understanding that the obligations of the borrowers under the RLOC Credit Agreement and the MCA have been satisfied in full, but Rabo has refused to release its liens in connection with those agreements in order to leverage them to collect on the separate Farms Loan debt.  In fact, Rabo seized on the death of Gale Easterday to declare an Event of Default under the RLOC Credit Agreement and the MCA (notwithstanding payment in full), and has asserted that this Event of Default constituted a cross-default under the Farms Loan.  Rabo Complaint ¶ 44.

27.     Rabo further alleges that the filing of bankruptcy by Farms was a default under the Farms Loan but Rabo is not suing Farms because of the automatic stay. Complaint ¶ 45.

28.     Based on these alleged Events of Default, Rabo is suing the Partners and the other Rabo Defendants in order to foreclose on the Mortgages that Rabo alleges secure the Farms Loan based on language in the RLOC Credit Agreement and MCA that broadly defines the "Obligations" being secured to include other indebtedness of the Borrowers, including Cody Easterday, under those agreements.  Rabo Complaint ¶¶ 22-24, 30-36.

29.     The Rabo Action is being actively pursued by Rabo against the Partners, and July 1, 2021 is the deadline for the Partners and the other Rabo Defendants to answer or otherwise respond to the Rabo Complaint.  The Debtors have requested that

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

Rabo stay its foreclosure collection actions against the Partners – a request that Rabo has refused.

**D.**   **Marketing of the Properties**

30.   On March 26, 2021, the Debtors filed the *Notice and Motion for (I) an Order (A) Approving Bid Procedures for the Sale of Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; and (II) an Order (A) Approving the Sale Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases* (the "Bid Procedures Motion").   [Docket No. 486].   The Bid Procedures Motion sought an order seeking to establish a process for the submission of bids relating to the Sale Properties.   The court entered an order granting the Bid Procedures Motion on April 29, 2021 [Docket No. 684].

31.   On May 19, 2021, the Debtors filed the *Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 724] (the "Stalking Horse Motion") seeking, among other things, approval of a Stalking Horse Bidder (as defined in the Stalking Horse Motion) and approval of certain bid protections for the Stalking Horse Bidder.   The Stalking Horse Motion sought approval of entry into the Stalking Horse APA by and among the Debtors and the Partners, as sellers, and the Stalking Horse Bidder as buyer.   As set forth in the Stalking Horse Motion, the purchase price for the Sale Properties in the Stalking Horse APA was approximately

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

$193 million. On May 27, 2021, the court entered an order approving the Stalking Horse Motion [Docket No. 744].

32. The auction regarding the sale of the Sale Properties was held on June 16, 2021 and resulted in a winning bid of $209 million. On June 21, 2021, the Debtors filed the *Notice of Auction Results* [Docket No. 830]. The hearing on the sale of the Sale Properties is currently scheduled for July 14, 2021.

33. The Debtors are proceeding with the sale of the Sale Properties and expect to receive significant value from their sale. Indeed, as a result of the cooperation of the Partners and the inclusion of the Joint Properties and the Non-Debtor Property in the proposed sale, the Debtors' sale process resulted in a stalking horse bid for the Sale Properties of $193 million, and resulted in a final winning bid at the auction of $209 million. This terrific result was only achieved with the significant cooperation of the Partners. Moreover, closing the sale in the coming weeks and confirming a successful plan process in the coming months is dependent upon the ongoing cooperation of the Partners. This cooperation is threatened by the continued prosecution of the Rabo Action.

**E.** **Cooperation Agreement Between the Debtors and the Partners**

34. Debtors require the immediate and ongoing assistance and cooperation of the Partners – as general partners of Farms, and owners of several of the Sale Properties – to facilitate the sales process in connection with the Debtors' anticipated plan. The Partners' cooperation is of critical importance to this process, because it will allow the Debtors to assure prospective purchasers of their ability to sell all of the parcels

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

connected to a particular property and ensure the distribution of the proceeds of such sales to claimants pursuant to the plan.

35.     In this regard, the Debtors and the Partners entered into the Cooperation Agreement.  The Debtors filed a *Motion for an Order Authorizing and Approving Cooperation Agreement* on March 26, 2021 [Docket No. 487, as revised by Docket Nos. 493, 576 and 640].  The court entered an order approving the Debtors' entry into the Cooperation Agreement on April 28, 2021. [Docket No. 655].

36.     Pursuant to the terms of the Cooperation Agreement, the Partners agreed to allow the Joint Properties and the Non-Debtor Property to be included as Sale Properties and to cooperate in their collective marketing and sale.  The Cooperation Agreement also provides for the development of an "Allocation Protocol" for determining the allocation of the sale proceeds among the sellers.  It is the Debtors' hope that through the process of allocation contemplated in the Cooperation Agreement, an agreement can also be reached with the Partners concerning their contribution of proceeds to support plan distributions for each of the Debtors.  In order to complete a sale process that has already moved passed the auction stage and is now in the critical closing phase, the Debtors require the dedicated, continued cooperation of the Partners.

37.     A key term of the Cooperation Agreement is that the Debtors obtain a Consent to Injunction (as defined in the Cooperation Agreement) or an order of the court enjoining collection efforts against the Partners through the effective date of a plan.  The Cooperation Agreement identifies six parties, the Enjoined Parties, from whom the Debtors are required to obtain such a consent or injunction.  Without such consents or injunctive orders ensuring the dedication of resources, involvement, support

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

and cooperation of the Partners, the Debtors' sales and plan efforts would be wholly undermined. Of the six identified Enjoined Parties, five, representing approximately $145 million in asserted claims, have agreed to a form of Consent to Injunction or forbearance agreement. Rabo, with its approximate $1 million claim, is the lone holdout.

38.     A successful sale process inures to the benefit of all of the creditors of these estates, and could result in satisfaction of any claim of Rabo that is allowed against Farms thereby resolving any issues relating to the underlying debt and alleged collateral in the Rabo Action.

39.     Accordingly, by this Complaint, the Debtors seek an order enjoining Rabo's prosecution of the Rabo Action, and any other collection efforts, against the Partners through and including the effective date of a plan.

## FIRST CLAIM FOR RELIEF

### (For Injunctive Relief under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065)

40.     Plaintiffs incorporate herein and re-allege the allegations above.

41.     Plaintiffs seek a preliminary injunction staying the continued prosecution of Rabo's collection actions against the Partners, including the Rabo Action, under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7065 through and including the effective date of a plan.

42.     Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Relief under section 105(a) is particularly appropriate

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

in chapter 11 cases, such as the above-captioned cases, in which the debtors' estates are impaired by the continuation of litigation against non-debtor parties that impacts the debtors' ability to maximize the value of estate assets, proceed with the sale of such assets and propose a plan that provides for the payment of creditors' claims from the proceeds of such sales.

43.     Under 11 U.S.C. § 105(a), this court has the power to enjoin Rabo from pursuing the Partners in the Rabo Action, and from pursuing any other collection efforts by Rabo that would impact the Debtors' ability to maximize the value and sell assets of the estate and propose and confirm a plan that provides for the payment of creditors' claims from the proceeds from such sales.

44.     Unless enjoined, Rabo's conduct will irreparably harm the Debtors – and their creditors – by distracting the Partners at the very point where the Debtors' require the Partners' attention and cooperation in connection with the sales and reorganization process.

45.     The Partners have agreed to the terms of the Cooperation Agreement with the Debtors on the condition that, *inter alia*, Rabo is enjoined from pursuing collection efforts against the Partners as requested by way of this Complaint.

46.     The Debtors intend to file a joint chapter 11 plan to provide for the payments of creditors' claims, including any allowed claims of Rabo. The funding of the plan will be from the proceeds received by the Debtors' estates as a result of the contemplated sales process of the Sale Properties – a process that has the support of the major creditor constituencies in these chapter 11 cases. The cooperation of the Partners

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

is a critical component of this process, and a key to the Debtors' ability to confirm a plan.

47. The relief sought here does not impact the asserted claims and liens of Rabo, which will continue to have the same validity, extent and priority as such claims and liens would otherwise be entitled absent this action.

48. If Rabo is allowed to continue with its current course of conduct, it will unnecessarily put the Debtors' reorganization in jeopardy.

49. The potential harm to the Debtors and other creditors from not enjoining the collection efforts far outweighs the potential harm to Rabo.

50. Issuance of injunctive relief will serve the public interest in that it will protect the integrity of the Debtors' plan efforts. This is in the best interests of all creditors.

51. The Debtors lack an adequate remedy at law. The Partners are the general partners of Farms, and asserted co-owners of certain of the Sale Properties and asserted sole owners of certain other Sale Properties. The Partners, and their cooperation, are thus an essential part of the Debtors' efforts to confirm a chapter 11 plan that treats all creditors fairly. Rabo's pursuit of the Partners is interfering with the Partners' readiness and ability to cooperate in the contemplated sale process, which interference will impair the maximization of value and the payment of creditors' claims in these chapter 11 cases.

52. Thus, injunctive relief enjoining Rabo from pursuing its collection against the Partners, including by way of the pending Rabo Action, is both necessary and appropriate under 11 U.S.C. § 105(a).

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

**WHEREFORE**, the Debtors respectfully pray for judgment as follows:

A. For a determination and judgment on the First Claim for Relief that the Debtors are entitled, under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065, to injunctive relief prohibiting Rabo from undertaking or pursuing any collection efforts against the Partners, including by way of the Rabo Action, through and including the effective date of a plan;

B. For costs of suit incurred herein; and

C. Such other and further relief as the court deems just and proper.


DATED: June 28, 2021            BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
JASON H. ROSELL (*Admitted Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiffs and Debtors and Debtors in Possession*

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ef28b701tx

# EXHIBIT A

1
2
3

Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington  99201
Telephone:  (509) 624-4600
Facsimile:  bmedeiros@dbm-law.net

4
5
6
7

Michael R. Johnson (*Pro Hac Vice Application Pending*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Email:  mjohnson@rqn.com

8

*Attorneys for Rabo AgriFinance LLC*

9

10          IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
                              WASHINGTON, RICHLAND DIVISION

11

12
13

RABO AGRIFINANCE LLC, a Delaware
limited liability company, fka Rabo
Agrifinance, Inc.,

**Civil Case No.**

14

                                   Plaintiff,

COMPLAINT FOR JUDICIAL
FORECLOSURE OF MORTGAGES,
AND FOR MONEY JUDGMENT BASED
ON RCW 25.05.125

15
16

          v.

17
18
19
20
21
22
23

3E PROPERTIES, a Washington general
partnership; KAREN EASTERDAY, as an
individual, as the personal representative of
the estate of Gale Easterday, deceased, and
the marital community of Karen Easterday
and Gale Easterday; CODY EASTERDAY
and DEBBY EASTERDAY, individually and
the marital community thereof; and JODY
EASTERDAY, individually and the marital
community of Jody Easterday and Andrew H.
Wills,

24

                                   Defendants.

25

Complaint

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

COMES NOW Plaintiff Rabo AgriFinance LLC, fka Rabo Agrifinance, Inc., by and through its counsel of record, and for its causes of action against Defendants 3E Properties, Karen Easterday (individually, as the personal representative for Gale Easterday, deceased, and the martial community of Karen Easterday and Gale Easterday), Cody Easterday (individually and the marital community of Cody Eaterday and Debby Easterday), Debby Easterday (individually and the marital community of Debby Easterday and Cody Easterday), and Jody Easterday (individually and the marital community of Jody Easterday and Andrew H. Wills), alleges as follows:

## **THE PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Rabo AgriFinance, LLC ("Plaintiff" or "Rabo") is a Delaware limited liability company that is authorized to do business and is doing business in the State of Washington.

2.      Rabo's sole member is Utrecht-America Holdings, Inc. ("UAH"). UAH is a Delaware corporation with its principal place of business in New York City, New York.

3.      Defendant 3E Properties ("3E") is a Washington general partnership and is the owner of portions of the real property, located in Franklin County, Washington, that is the subject of this action.  3E's general partners are Jody

Complaint-1

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Easterday, Cody A. Easterday, Debby Easterday, Gale A. Easterday and Karen L. Easterday, all of whom are residents of the State of Washington.

4.      3E is sued in this action as a property owner and as a mortgagor under the 2009 Mortgage (defined below) and the 2018 Mortgage (defined below) (collectively, the "Mortgages"), and Rabo seeks to foreclose 3E's interest in the real property encumbered by the Mortgages.

5.      Defendant Karen L. Easterday ("Karen[1]") is a Washington resident who is sued in this action in her individual capacity, in her capacity as the personal representative of Gale A. Easterday ("Gale"), who is now deceased [*See* Probate Case No. 21-4-50004-11, Franklin County, Washington], and to the extent applicable, the marital community of Karen and Gale, are sued in this action as an owner and mortgagor under the Mortgages, and Rabo seeks to foreclose Karen's interest in the real property encumbered by the Mortgages.  Karen also is a general partner of Easterday Farms, a Washington general partnership ("Farms").  Rabo also seeks a separate money judgment against Karen pursuant to RCW 25.05.125, as Farms is an obligor of the debt at issue in this action and Karen is jointly and severally liable for the debt under Washington law.

---

[1] Due to the numerous Defendants bearing the same last name, Easterday, Plaintiff will use the first names for each Defendant.  No disrespect is intended.

Complaint-2

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

6.    On information and belief, any and all actions taken by Karen with respect to the matters set forth herein were taken both on behalf of Karen individually and on behalf of the marital community with Gale.  Rabo therefore is also seeking a money judgment against the marital community comprised of Karen and Gale.

7.    Defendant Cody Easterday ("Cody") is a Washington resident.  Cody individually, and to the extent applicable, the marital community of Cody and Debby Easterday, are sued in this action, as an owner and mortgagor under the Mortgages, and Rabo seeks to foreclose Cody's interest in the real property encumbered by the Mortgages.  Cody also is a general partner of Farms.  Rabo also seeks a separate money judgment against Cody pursuant to RCW 25.05.125, as Farms is an obligor of the debt at issue in this action and Cody is jointly and severally liable for the debt under Washington law.  Rabo also seeks a money judgment against Cody for breach of contract.

8.    On information and belief, any and all actions taken by Cody with respect to the matters set forth herein were taken both on behalf of Cody individually and on behalf of the marital community with Debby Easterday.  Rabo therefore is also seeking a money judgment against the marital community comprised of Cody and Debby Easterday.

Complaint-3

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

9.      Defendant Debby Easterday ("Debby") is a Washington resident. Debby individually, and to the extent applicable, the marital community of Cody and Debby, are sued in this action, as an owner and mortgagor under the Mortgages, and Rabo seeks to foreclose Debby's interest in the real property encumbered by the Mortgages.  Debby also is a general partner of Farms.  Rabo also seeks a separate money judgment against Debby pursuant to RCW 25.05.125, as Farms is an obligor of the debt at issue in this action and Debby is jointly and severally liable for the debt under Washington law.

10.     On information and belief, any and all actions taken by Debby with respect to the matters set forth herein were taken both on behalf of Debby individually and on behalf of the marital community with Cody.  Rabo therefore is also seeking a money judgment against the marital community comprised of Cody and Debby.

11.     Defendant Jody Easterday ("Jody") is a Washington resident.  Jody, and to the extent applicable, the marital community of Jody and Andrew H. Willis, are sued in this action, as an owner and mortgagor under the Mortgages, and Rabo seeks to foreclose Jody's interest in the real property encumbered by the Mortgages.

Complaint-4

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

12.    On information and belief, to the extent applicable, any and all actions taken by Jody with respect to the matters set forth herein were taken both on behalf of Jody individually and on behalf of the marital community comprised of Jody and Andrew H. Wills.

13.    This action concerns real property and related fixtures and improvements described more fully in **Exhibit "A"** and **Exhibit "B"** attached hereto (collectively, the "Property").  Generally speaking, the Property has the following property addresses, Assessor Parcel Numbers, and abbreviated legal descriptions:

Exhibit "A"--Property Encumbered by 2009 Mortgage:

Property Address:  5235 Industrial Way/1427 North 1st Avenue, Pasco, Washington 99301

Assessor Parcel Numbers:        112021017 and 113130040

Abbreviated Legal:        Portion of SW4 of 8-9-30 and Blocks 13 and 14, Northern Pacific Addition to the City of Pasco

Exhibit "B"--Property Encumbered by 2018 Mortgage:

Property Address:  90 and 110 Pillsbury Road, Mesa Washington 99343

Assessor Parcel Numbers:        121231032 and 121231091

Abbreviated Legal:        Lots 1 and 2, Short Plan No. 98-09

Complaint-5

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

14.    To Rabo's knowledge, none of the Defendants is in the military

service for the United States of America or is entitled to the protections of the

Servicemembers' Civil Relief Act or similar state protections.

15.    This Court has original diversity jurisdiction in this matter pursuant to

28 U.S.C. § 1332 as there is complete diversity between Rabo, on the one hand,

and each of the Defendants, on the other hand, and the damages in this case exceed

the sum or value of $75,000.00, exclusive of interest and costs.

16.    With respect to citizenship of the parties, Rabo is a citizen of

Delaware and Missouri, and its sole member, UAH, is a citizen of Delaware and

New York.  Thus, for purposes of diversity jurisdiction, Rabo is a citizen of

Delaware, Missouri and New York.  All Defendants are citizens of Washington.

There is thus complete diversity between Rabo and the Defendants in this action.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. §

1391(b)(1) because all Defendants are residents of the State of Washington, and at

least one of the Defendants resides in the judicial district known as the United

States District Court for the Eastern District of Washington.

18.    Venue also is proper in this judicial district pursuant to 28 U.S.C. §

1391(b)(2) because a substantial part of the events or missions giving rise to

Complaint-6

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Rabo's claims in this case occurred in this judicial district, and because the real property that is the subject of this action is located in this judicial district.

## FACTUAL BACKGROUND

19.     Rabo incorporates and realleges the preceding paragraphs of this complaint, as if fully set forth herein.

A.     The RLOC Credit Agreement, the MCA, and the Mortgages Granted Thereunder.

20.     On September 4, 2009, the Defendants and other persons and entities not named as parties herein entered into a *Credit Agreement* (the "RLOC Credit Agreement") with Rabo related to an operating line of credit loan.  The RLOC Credit Agreement was subsequently amended numerous times, including through a *Tenth Amendment to Credit Agreement and Other Loan Documents*, dated January 2, 2018.

21.     To secure their obligations under the RLOC Credit Agreement, the Defendants executed and delivered to Rabo that certain *Washington Mortgage, Security Agreement, Fixture Filing and Financing Statement*, dated September 4, 2009 (the "2009 Mortgage").  The 2009 Mortgage was duly recorded on September 18, 2009 as AFN#1740144, records of the Auditor of Franklin County, Washington.  The property encumbered by the 2009 Mortgage (the "2009 Mortgage Property") is legally described in Exhibit "A" attached hereto, has a

Complaint-7

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

property address of 5235 Industrial Way/1427 North 1st Avenue, Pasco, WA 99301, and bears Assessor Parcel Numbers 112021017 and 113130040.

22.    By its terms, the 2009 Mortgage secures not only repayment of any amounts owed under the RLOC Credit Agreement but also "the payment of such additional loans or advances and such other debts, obligations and liabilities of every kind or character, of Mortgagor or the maker of the Note, evidenced by a promissory note, guaranty, or otherwise, whether one or more, now existing or arising in the future, in favor of the applicable Mortgagee or any other person; PROVIDED HOWEVER THAT such other loans, advances, debts, obligations and liabilities shall be secured by this Mortgage only if the promissory note, guaranty, or other document evidencing such shall recite that it is to be secured by this Mortgage . . ."

23.    By its terms, the 2009 Mortgage also secures "the payment of any substitute notes, renewals, reamortizations, conversion agreements and extensions of all indebtedness secured by this Mortgage."

24.    All Defendants named herein, including Cody, are the "maker of the Note" that was executed in conjunction with the RLOC Credit Agreement. Further, all Defendants named herein, including Cody, are Mortgagors under the 2009 Mortgage.

Complaint-8

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

25.    On August 9, 2018, the Defendants and other persons and entities not named as parties herein entered into a *Master Credit Agreement* (the "MCA") with Rabo to evidence and document both new loans and existing loans, including the prior loan evidenced by the RLOC Credit Agreement.  A true and correct copy of the MCA, including the Schedule of Definitions and Covenants to the MCA, is attached hereto as **Exhibit "C"**.

26.    The MCA expressly referenced the RLOC Credit Agreement, and provided in part as follows:

> This Master Credit Agreement is an amendment and restatement of the terms and conditions of Lender's loan or credit facility as evidenced by that certain Credit Agreement dated September 4, 2009, as amended to the date hereof . . . (the "Existing Loan").  This Credit Agreement does not release or extinguish the indebtedness, liabilities and Obligations of the Borrower under the Existing Loan(s).  All Liens and security interests in any real or personal property granted to or for the benefit of Lender for purposes of securing the Existing Loan(s) also secure the Obligations; and Borrower reaffirms the terms and provisions of any mortgage, deed of trust, security agreement or other Instrument or agreement under which any such Lien or such Lien or security interest has been granted to Lender.

27.    Accordingly, by its express terms, all Liens granted to Rabo under the RLOC Credit Agreement (including the liens evidenced by the 2009 Mortgage) also secure all Obligations as defined in the MCA.

Complaint-9

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

28.     To further secure their obligations under the MCA, Defendant 3E executed and delivered to Rabo that certain *Mortgage, Assignment of Rents and Security Agreement*, dated August 9, 2018 (the "2018 Mortgage").  The 2018 Mortgage was duly recorded on September 4, 2018 as AFN#1883943, records of the Auditor of Franklin County, Washington. The property encumbered by the 2018 Mortgage (the "2018 Mortgage Property") is legally described in Exhibit "B" attached hereto, has a property address of 90 and 110 Pillsbury Road, Mesa WA 99343, and bears Assessor Parcel Numbers 121231032 and 121231091.

29.     The 2009 Mortgage Property and the 2018 Mortgage Property are collectively referred to herein as the "Property," as set forth more fully above.

30.     By its terms, the 2018 Mortgage secures the "Secured Obligations" identified in the mortgage, including "all Obligations (defined in the MCA)."  The 2018 Mortgage also states that the term "Secured Obligations" includes "future advances made by Mortgagee or Secured Parties, at their option, for any purpose, and all other future Secured Obligations."

31.     As noted above, the MCA expressly says that the 2009 Mortgage secures all Obligations as defined in the MCA, and the 2018 Mortgage also says that it secures all Obligations as defined in the MCA.

Complaint-10

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

32.     The MCA defines "Obligations" as "the Loan Obligations and the Hedging Obligations."

33.     The MCA defines "Loan Obligations" as "all indebtedness, liabilities and Obligations of Borrower to Lender arising pursuant to any of the Loan Documents and any Loan Type, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several."

34.     The MCA defines "Loan Documents" as including, among other documents, "all other agreements and instruments required by Lender for purposes of evidencing or securing any Loan, now existing or hereinafter amended, modified or supplemented between Lender and any Borrower."

35.     Because both Mortgages secure "Obligations" as defined in the MCA, and given the broad definition of Obligations in the MCA, the Mortgages secure, in addition to any obligations specifically identified in either the RLOC Credit Agreement or the MCA, any Obligation for any Loan that has been created or extended by Rabo to any Borrower pursuant to any Loan Document for any Loan Type.

36.     Cody is a named borrower under both the RLOC Credit Agreement and the MCA.  Thus, the Mortgages secure any Obligation of Cody to Rabo even if

Complaint-11

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

that Obligation is not owed by any of the other parties to either the RLOC Credit

Agreement or the MCA.

B.    The Vendor Finance Loan and Events of Default Thereunder.

37.    On March 6, 2020, Cody and non-party Farms entered into that

certain QuickLine Credit Application and Account Agreement (the "VF Loan

Agreement") to evidence another loan from Rabo (the "VF Loan").  A true and

correct copy of the VF Loan Agreement is attached hereto as **Exhibit "D"**.

38.    The VF Loan Agreement provides that the VF Loan "shall be secured

by any existing and future security agreements, mortgages, deeds of trust or other

pledges of collateral (the "Security Documents") between RAF and you, if any."

39.    The VF Loan Agreement defines certain events that will cause a

default under the VF Loan.  The enumerated events include (a) the failure to make

payment on the VF Loan when due, (b) if there is a default pursuant to the terms of

any other loan or loan document that a borrower has with Rabo, and (c) if a

borrower files for bankruptcy relief.

40.    The VF Loan Agreement provides that prior to default, the unpaid

principal owed on the VF Loan will accrue interest "at the non-default annual rate

equal to ten percent (10.00%) in excess of the Prime Rate (the 'Standard Rate')

Complaint-12

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

which rate will be adjusted as of each day of change thereof to reflect changes in the Prime Rate."

41.    The VF Loan Agreement further provides that, upon default, the unpaid principal owed on the VF Loan will accrue default interest at the rate of twenty-one percent (21%) per annum.

42.    The VF Loan Agreement further provides that Rabo is entitled to collect "all costs of collection" including "reasonable attorney fees, together with interest at the default rate" if there is a default of the VF Loan.

43.    Gale was a borrower under the RLOC Credit Agreement and the MCA.  Cody also is a borrower under the RLOC Credit Agreement and the MCA, as well as a borrower under the VF Loan Agreement.

44.    Gale passed away on December 10, 2020, and this resulted in an Event of Default under the RLOC Credit Agreement and the MCA (the death of a borrower is an express Event of Default under the documents related to those agreements).  The Events of Default under the RLOC Credit Agreement and the MCA also constituted a default under the VF Loan Agreement.

45.    Further, on February 8, 2021, Farms filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Washington, Case No. 21-00176-WLH11.  Farms is not being sued in this action

Complaint-13

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

because the automatic bankruptcy stay of 11 U.S.C. § 362(a) prevents such suit. In any event, the bankruptcy filing by Farms was a separate and independent default under the VF Loan Agreement.

46.    The VF Loan has been accruing default interest since December 11, 2020, the day after Gale passed away. As of February 8, 2021, the amount of $1,053,244.59 was due and owing on the VF Loan, consisting of (a) unpaid principal in the amount of $995,715.33, (b) unpaid contract interest owed as of December 10, 2020 in the amount of $23,260.16, and (c) unpaid default interest from December 11, 2020 to February 8, 2021 in the amount of $34,244.59.

47.    The current per diem interest accrual on the VF Loan, calculated at the default rate of twenty-one percent (21%) per annum, is $580.83569.

48.    Rabo also is entitled to collect under the VF Loan Agreement all collection costs, including reasonable attorneys' fees, from February 8, 2021 until paid in full, in both the prosecution of the claims in this action and in protecting its rights and interests in the Farms' bankruptcy case.

## FIRST CAUSE OF ACTION
**(Contract and General Partner Liability
Against Defendants Karen, Cody, and Debby Only)**

49.    Rabo incorporates and realleges the preceding paragraphs of this complaint, as if fully set forth herein.

Complaint-14

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

50.    Farms is a Washington general partnership.  Karen, Cody and Debby are all general partners of Farms.

51.    The VF Loan is in default, as set forth above.  The VF Loan has not been paid.

52.    Farms and Cody, the co-borrowers under the VF Loan, are justly indebted to Rabo under the VF Loan Agreement in the amount of $1,053,244.59 as of February 8, 2021, plus default interest from and after that date at the rate of twenty-one percent (21%) on the unpaid principal balance, plus all collection costs, including reasonable attorneys' fees, incurred by Rabo from February 8, 2021, until paid in full, in both the prosecution of the claims in this action and in protecting its rights and interests in the Farms' bankruptcy case.

53.    Rabo is entitled to judgment against Cody for breach of the VF Loan Agreement in the amount of $1,053,244.59 as of February 8, 2021, plus default interest from and after that date at the rate of twenty-one percent (21%) on the unpaid principal balance, plus all collection costs, including reasonable attorneys' fees, incurred by Rabo from February 8, 2021, until paid in full, in both the prosecution of the claims in this action and in protecting its rights and interests in the Farms' bankruptcy case.

Complaint-15

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

54.    Pursuant to RCW 25.05.125(1), and except for certain exceptions not applicable here, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."

55.    Pursuant to RCW 25.05.125(1), Rabo is entitled to judgment against Karen, Cody and Debby, jointly and severally, as general partners of Farms, and to the extent applicable, the marital communities referenced in paragraphs 5 – 10 above, in the amount of $1,053,244.59 as of February 8, 2021, plus default interest from and after that date at the rate of twenty-one percent (21%) on the unpaid principal balance, plus all collection costs, including reasonable attorneys' fees, incurred by Rabo from February 8, 2021, until paid in full, in both the prosecution of the claims in this action and in protecting its rights and interests in the Farms' bankruptcy case.

## SECOND CAUSE OF ACTION
### (Judicial Foreclosure of 2009 Mortgage and 2018 Mortgage Against 3E, Karen, Cody, Debby and Jody)

56.    Rabo incorporates and realleges the preceding paragraphs of this complaint, as if fully set forth herein.

57.    The record owners of the 2009 Mortgage Property are Defendants 3E, Karen (both individually and as personal representative for Gale), Cody, Debby and Jody.

Complaint-16

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

58.    The record owner of the 2018 Mortgage Property is 3E.

59.    Pursuant to the Trustee's Sale Guarantee, Guarantee No. 3695103, that Rabo has obtained on the 2009 Mortgage Property, there are no current consensual or non-consensual liens against the 2009 Mortgage Property other than the 2009 Mortgage and the statutory liens securing unpaid real property taxes.  A true and correct copy of this Trustee's Sale Guarantee is attached hereto as Exhibit "**E**."

60.    Pursuant to the Trustee's Sale Guarantee, Guarantee No. 3695204, that Rabo has obtained on the 2018 Mortgage Property, there are no current consensual or non-consensual liens against the 2018 Mortgage Property other than the 2018 Mortgage and the statutory liens securing unpaid real property taxes.  A true and correct copy of this Trustee's Sale Guarantee is attached hereto as Exhibit "**F**."

61.    By this action Rabo does not seek to foreclose any statutory liens securing unpaid real property taxes, and acknowledges that any sale of the Property will be subject to those liens.   Further, Rabo does not seek to foreclose any easements, agreements or other encumbrances of record that were recorded prior to the recording of the 2009 Mortgage and the 2018 Mortgage respectively.

Complaint-17

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

62.     As noted above, the 2009 Mortgage and the 2018 Mortgage are collectively referred to herein as the "Mortgages," and the 2009 Mortgage Property and 2018 Mortgage Property are collectively referred to herein as the "Property."

63.     The Mortgages secure repayment of the VF Loan, as further set forth above.

64.     The VF Loan is in default, and has not been paid.

65.     Rabo is entitled to judicially foreclosure the Mortgages against the Property under RCW 61.12 et seq. based upon the defaults under the VF Loan Agreement and the failure of Farms and its general partners to pay and satisfy the VF Loan in full.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Plaintiff Rabo AgriFinance LLC prays for the entry of judgment in its favor, and against the Defendants, as follows:

A.      ON ITS FIRST CAUSE OF ACTION, for a money judgment against Defendants Karen, both individually, as the personal representative of the estate of Gale, and the marital community of Karen and Gale, Cody and Debby, each jointly and severally, including their marital community, in the amount of $1,053,244.59 as of February 8, 2021, plus default interest from and after that date at the rate of twenty-one percent (21%) per annum on the unpaid principal balance, plus all

Complaint-18

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

collection costs, including reasonable attorneys' fees, incurred by Rabo from

February 8, 2021, until paid in full, in both the prosecution of the claims in this

action and in protecting its rights and interests in the Farms' bankruptcy case.

    B.    ON ITS SECOND CAUSE OF ACTION, for the following relief:

    (1)    A judgment and decree adjudging and decreeing that the liens

evidenced by the Mortgages are good and sufficient first and paramount liens upon

the Property which secure the repayment of all amounts owed under the VF Loan,

and ordering that the Property (or such portions thereof as may be necessary) be

foreclosed and sold by the United States Marshall (or such other authorized law

enforcement officer as may be appropriate), according to laws and the practices of

this Court, to satisfy the amounts which may be found herein to be due and owing

to Plaintiff;

    (2)    For a judgment and decree adjudging and decreeing that

Defendants 3E, Karen (both individually and as personal representative for Gale),

Cody, Debby and Jody, and all persons claiming by, through or under them, or any

of them, be forever barred and foreclosed of all right, title, claim or interest or

equity of redemption in and to the Property, and each and every part thereof, and

that Plaintiff have a deficiency judgment against Defendants Karen, Cody and

Debby, each jointly and severally, including any marital communities of which

Complaint-19

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

they are a part, for any deficiency remaining after due and property application of the proceeds of sale as hereinabove stated;

(3)    For a judgment and decree adjudging and decreeing that as a result of the foreclosure and sale of the Property, the rights of all Defendants and any other persons claiming by, through or under them subsequent to the execution of the Mortgages be adjudged inferior and subordinate to Plaintiff's mortgage liens and be forever foreclosed except only for the statutory right of redemption allowed by law; and

(4)    For a judgment and decree adjudging and decreeing that Plaintiff may bid at the sale and that Plaintiff or any other party to this action may, upon producing satisfactory proof of interest, become a purchaser at said sale, that following said sale the United States Marshall (or such other authorized law enforcement officer as may be appropriate), be ordered to execute and deliver a certificate of sale as required by law, and that upon the expiration of the period of redemption as prescribed by law that the said United States Marshall or other authorized law enforcement officer be ordered to execute and deliver a Marshall's Deed to the purchaser of the Property, and that the said purchaser be let into possession of said Property upon production of said Marshall's Deed.

Complaint-20

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

C.      For a judgment awarding Plaintiff its costs incurred herein, including court costs and the cost of procuring abstracts or other evidences of title and title insurance in connection with these proceedings, and any sums which Plaintiff has been or may be required to advance and/or pay during the pendency of these proceedings for insurance, repairs and/or to pay and discharge any taxes or assessments levied upon the Property, any sums which the Plaintiff may pay in redemption of the property from any tax sale and any sums which Plaintiff may pay to discharge amounts which may become due and owing on or relating to any prior lien upon the Property, together with interest on the amounts so paid.

D.      That the Court grant Plaintiff such other and further relief as the Court deems just, equitable and proper.

DATED this _2/67_ day of April, 2021.

DAVIDSON BACKMAN MEDEIROS PLLC

Bruce K. Medeiros, WSBA No. 16380
601 West Riverside Avenue, Suite 1550
Spokane, Washington  99201
Telephone:  (509) 624-4600
Email:  bkmedeiros@dbm-law.net

Complaint-21

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

-and-

RAY QUINNEY & NEBEKER P.C.

Michael R. Johnson (*Pro Hac Vice Application Pending*)
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Complaint-22

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## VERIFICATION

I, Michael Hayes, in my capacity as a Vice President and Local Financial Restructuring Manager of Plaintiff Rabo AgriFinance LLC, have read the foregoing Complaint, have found that all information set forth therein is true and accurate to the best of my knowledge, and hereby verify the truth and accuracy of the same.

DATED this 21st day of April 2021.

RABO AGRIFINANCE LLC

By: Michael Hayes
Its: Vice President and Local Financial
Restructuring Manager

Complaint-23

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

# EXHIBIT B

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11*
*Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**STIPULATION BY AND BETWEEN DEBTORS AND NON-DEBTOR SELLERS REGARDING COOPERATION WITH RESPECT TO THE SALE OF DEBTOR AND NON-DEBTOR ASSETS** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[2]), and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers",[3] and collectively with Farms and Ranches, the "Parties" and each a "Party"), by and through their undersigned counsel of record, hereby enter into this stipulation (the "Stipulation"), pursuant to which the Parties stipulate and agree as follows:

**WHEREAS**, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

**WHEREAS**, on February 8, 2021, Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on February 16, 2021, the Office of the United States Trustee (the "UST") filed its notice of appointment of the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee").

**WHEREAS**, on February 22, the UST filed its notice of appointment of the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187, and 188] (the "Farms Committee" and, together with the Ranches Committee, the "Committees").

---

[2] Gale Easterday passed away on December 10, 2020.

[3] The Non-Debtor Sellers are also the general partners of Farms.

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

WHEREAS, on March 25, the Bankruptcy Court entered the (i) Final Order Authorizing Debtor Easterday Farms (the "Farms Cash Collateral Order" to Use Cash Collateral and Granting Adequate Protection [Dkt. No.471] and (ii) the Final Order Authorizing Debtor Easterday Ranches, Inc. (the "Ranches Cash Collateral Order," and together with the Farms Cash Collateral Order, the "Final Cash Collateral Orders") to use Cash Collateral and Granting Adequate Protection [Dkt. No 470], which provide in the Budget (as defined in the applicable Final Cash Collateral Order) for certain benefits for KE and DE and payments for KE and DE in the approximate monthly aggregate amount of $6,500.

WHEREAS, Farms and Ranches are the owners of certain real property identified on **Exhibit A** hereto (the "Debtor Properties").

WHEREAS, certain of the Non-Debtor Sellers and the Debtors each own separate parcels of real property contained within the larger boundaries of the real property identified on **Exhibit A** hereto (the "Joint Properties").

WHEREAS, the Non-Debtor Sellers own certain real property adjacent or connected to the Debtor Properties or the Joint Properties identified on **Exhibit A** hereto (the "Non-Debtor Properties" together with the Debtor Properties and the Joint Properties, the "Sale Properties").

WHEREAS, the lenders identified on **Exhibit A** hereto assert mortgage liens with respect to the Sale Properties (the "Mortgagees").

WHEREAS, the Parties desire to maximize the value of the Sale Properties and to pursue sales of the Sale Properties through a Bankruptcy Court approved process.

WHEREAS, there may be disputes, claims or other causes of action between and among the Parties, or other estate representative, which, if pursued, could limit the

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ability of the Parties to fully market and sell the Sale Properties and would potentially decrease the value of the Sale Properties.

**WHEREAS**, the Parties desire to pursue a process for the sale of the Sale Properties, sell the Sale Properties, place all proceeds of sale after payment sufficient to satisfy the Mortgagees into escrow pending final determination by the Bankruptcy Court, and reserve all of their respective rights with respect to any claims relating to the proceeds of the sale of any the Sale Properties.

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

1.     <u>Development of Bidding Procedures</u>: The Debtors shall seek an order of the Bankruptcy Court establishing bidding procedures (the "<u>Bidding Procedures</u>") relating to the sale of the Sale Properties and such form of bidding procedures shall be in form and substance reasonably acceptable to the Non-Debtor Sellers.  The Non-Debtor Sellers hereby further agree to the milestones relating to the Bidding Procedures as set forth on **Exhibit B** hereto.

2.     <u>Entry into Sales Transactions</u>.

    a. The Bidding Procedures will establish a process for the Debtors to determine the highest and best offer for the Sale Properties (including for individual Sale Properties or groups of Sale Properties) and for entering into transactions for the sales with respect to the Sale Properties (each a "<u>Sale Transaction</u>").

    b. To the extent that, pursuant to and in accordance with the Bidding Procedures, the Bankruptcy Court enters an order approving any Sales Transaction, any of the Non-Debtor Sellers with an interest in such Sale Property or Sale Properties (each a "<u>Selling Party</u>") hereby agrees to

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

cooperate with any such Sale Transaction, including but not limited to, taking any action and entering into and executing any documentation with respect to such Sale Transaction necessary to relinquish any ownership rights in such Sale Property and to provide the buyer with clean title to such Sale Property. Each Non-Debtor Seller hereby consents to the jurisdiction of the Bankruptcy Court with respect to the sale of the Non-Debtor Property and entry by the Bankruptcy Court of any order approving the sale of such Non-Debtor Property, including the sale of such Non-Debtor Property free and clear of any interests of the Non-Debtor. For the avoidance of doubt, nothing herein shall prejudice any other party's right to contest the Bankruptcy Court's jurisdiction with respect to the sale of Non-Debtor Property. Each Non-Debtor Seller shall also execute a power of attorney providing either or both of the Debtors' Co-Chief Restructuring Officers (as the Debtors shall deem appropriate) with authority to execute any and all agreements or other documents necessary for the sale and transfer of such Sale Property including, but not limited to grants, deeds, mortgage reconveyances, or other documents of transfer necessary to effectuate any Sale Transaction on behalf of such Non-Debtor Seller.

c.  The Non-Debtor Sellers shall retain the right to object to any proposed Sales Transaction, except that no such objection shall be based on any argument that the Debtors lack authority or otherwise may not sell a Sale Property, or with respect to the sale milestones set forth in Exhibit B, and any such objection and any such objection shall be resolved by the Bankruptcy Court, and each Non-Debtor Seller agrees to be bound by any resolution of the Bankruptcy Court of such objection and hereby waives any right to appeal such order of the Bankruptcy Court.

3.  <u>Distribution and Deposit of Sale Proceeds:</u>

a.  Following the closing of any Sale Transaction, the proceeds of any such Sales Transaction (the "<u>Sale Proceeds</u>") shall be distributed as follows:

*First,* to the applicable Mortgagee for such Sale Property in satisfaction of the obligations owed to such Mortgagee that are secured by the applicable mortgage (the "<u>Mortgagee Amounts</u>"), *provided however*, that to the extent that any party has filed a challenge (a "<u>Mortgage Challenge</u>") with respect to the amount,

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

validity, perfection or priority of any lien asserted by a Mortgagee prior to the closing of the applicable Sales Transaction, then the undisputed portion (if any) of the Mortgagee Amounts shall be distributed to the Mortgagee, and the disputed portion of the Mortgagee Amounts with respect to such Mortgagee shall be placed in an escrow account (on terms and conditions reasonably agreed by the Debtors and such Mortgagee) pending a final order of the Bankruptcy Court with respect to such Mortgage Challenge; *provided, further*, there can be no bankruptcy-related Mortgage Challenge with respect to any Non-Debtor Seller Property by any Non-Debtor Seller and any such challenges are limited to remedies, if any, available under applicable non-bankruptcy law. For the avoidance of doubt, nothing in this Stipulation shall limit or expand the rights of the Debtors and their estates with respect to any claims relating to Non-Debtor Seller Property nor shall it grant standing to assert a Mortgage Challenge to any party that does not have standing to do so pursuant to applicable law. Any payments made by the Debtors to the Mortgagees in accordance with the Allocation Protocol or applicable final order of the Bankruptcy Court shall be final and not subject to disgorgement by the Debtors, their estates or any successors or assigns thereto, including any trustee.

*Second,* to the applicable party for the payment of transaction costs (the "Transaction Costs") relating to such Sale Transaction (including, but not limited to, commissions, break-up fees, costs and expenses) approved by the Bankruptcy Court as part of the Bid Procedures or in conjunction with the Sale Transaction;

and

*Third*, any remaining Sale Proceeds after funding the Transaction Costs and Mortgagee Amounts (the "Net Sale Proceeds"), shall be deposited in an escrow account pursuant to an escrow agreement, the terms of which shall be negotiated and agreed by all the Parties, in each case acting reasonably (the "Escrow Account").

    b. In no case shall there be any distribution from the Escrow Account in advance of either (A) an order of the Bankruptcy Court approving a stipulation of all of the Selling Parties relating to the allocation and distribution of the Sale Proceeds, which shall be brought by motion on no less than 14 days' notice, unless the Committees, the Mortgagees and Enjoined Parties agree to a shorter notice period or (B) an order of

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

the Bankruptcy Court following a motion on no less than 14 days' notice and hearing regarding allocation of the Net Sale Proceeds.

4.    Development of Allocation Protocol:    The Parties shall, as soon as reasonably practicable following the execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "Allocation Protocol"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court.  The Debtors will include the Committees, the Mortgagees and the Enjoined Parties in the negotiations regarding the Allocation Protocol but the consent of those parties shall not be required for the Debtors' agreement with the Non-Debtor Sellers with respect to any Allocation Protocol, *provided further*, that any Allocation Protocol shall be subject to approval by the Bankruptcy Court upon notice and hearing, and the rights of the Parties, the Debtors, the Committees, the Mortgagees and the Enjoined Parties shall all be reserved with respect to any proposed Allocation Protocol.  The Parties agree that the Allocation Protocol will provide a mechanism for the participation of the Committees, the Enjoined Parties and the Mortgagees with respect to any negotiations concerning allocation of the Net Sale Proceeds. The Parties further agree that the Allocation

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Protocol will provide, among other things, any adjudication of the allocation of Net Sale Proceeds will be made exclusively by the Bankruptcy Court and each Non-Debtor Seller agrees to be bound by the Bankruptcy Court's order resolving the allocation dispute. Unless this Stipulation is otherwise terminated in accordance with its terms, to the extent a distribution is made to the Non-Debtor Sellers in accordance with the Allocation Protocol such funds shall be placed in a separate escrow account subject in all respects to further order of the Bankruptcy Court. Nothing in this section 4 prejudices any parties' rights with respect to the Allocation Protocol nor constitutes court approval of any such protocol.

5. <u>Maintenance of Properties Pending Sale</u>. Pending the sale of any of the Sale Properties, the Party or Parties currently responsible for the maintenance of such Sale Property, including payment of any taxes, insurance or other expenses relating to such Property shall remain responsible for the maintenance of such Sale Property in the same manner and proportion as prior to execution of this Stipulation.

6. <u>Entry Into Stipulation is Without Prejudice</u>.

    a. Nothing in this Stipulation shall prejudice the rights of any Party or otherwise constitute an amendment, modification or waiver of the rights of any Party to assert such party's interests in the Net Sale Proceeds from any Sale Transaction (other than provisions with respect to the Allocation Protocol through which Non-Debtor Sellers agree to be bound by the Bankruptcy Court's ruling with respect to allocation of Net Sale Proceeds).

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 8

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 50 of 73

b. Nothing in this Stipulation shall prejudice or impair the rights of any Party with respect to any claim or cause of action against any other Party or the defenses and/or counterclaims of any Party with respect thereto.

c. Nothing in this Stipulation shall prejudice or impair the rights of any Mortgagees and any valid and properly perfected liens of any Mortgagee in any of the Sale Properties. Any such liens shall attach to the Sale Proceeds relating to the sale of such Sale Property with the same validity and priority as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights of any Party to challenge the validity, perfection or priority of any lien asserted by a Mortgagee and any and all defenses of such Mortgagee are also reserved.

d. Nothing in this Stipulation shall prejudice or impair the rights of any Enjoined Party with respect to any valid and properly perfected liens (including Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any Enjoined Party and any and all defenses of any Enjoined Party are also reserved.

7. <u>Non-Debtor Sellers Not to Transfer Assets</u>. The Non-Debtor Sellers hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not transfer or otherwise lease or encumber **any** of the Sale Properties except as expressly provided in Section 2 hereof. The Non-Debtor Sellers further hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not, without

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 9

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 51 of 73

the prior-written consent, which consent will not be unreasonably withheld, of the Debtors, transfer or otherwise lease or encumber **any** of their other material assets or properties (for purposes of this Section 7, "material" shall mean any individual assets or properties having a fair market value equal to or greater than $37,500.00, outside of the ordinary course of business (a "Non-Debtor Seller Transaction"), provided further that the aggregate amount of such Non-Debtor Seller Transactions may not exceed $100,000 with respect to each Non-Debtor Seller, *provided however,* that the Debtors their estates are hereby deemed as part of this Stipulation to agree that the transactions described in **Exhibit C** hereto are not breaches of this Stipulation.  Except with respect to the transactions identified in Exhibit C hereto which shall be deemed permitted upon entry by the Bankruptcy Court of an order approving this Stipulation (and which, for the avoidance of doubt shall not be included in calculation of the aggregate limit with respect to Non-Debtor Seller Transactions), the Debtors shall provide five (5) business days' written  notice (including via electronic mail)  to the Committees, the Enjoined Parties and the Mortgagees of the Debtors' consent to any additional Non-Debtor Seller Transaction and any parties receiving such notice shall have five (5) business days to indicate in writing (including via electronic mail)  to the Debtors that such party objects to any such Non-Debtor Seller Transaction.  If the Debtors are unable to resolve such objection, then the Debtors shall seek Bankruptcy Court approval with respect to the

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtors' consent to such Non-Debtor Seller Transaction and the rights of all parties with respect to any such proposed Non-Debtor Seller Transaction are reserved, *provided further*, that the failure to obtain Bankruptcy Court approval for such proposed Non-Debtor Seller Transaction shall not be a default under this Stipulation if the Debtors sought approval, where appropriate, but such approval was denied by the Bankruptcy Court for such proposed Non-Debtor Seller Transaction. If such request for consent is denied, it shall be a breach of this Stipulation for any Non-Debtor Seller to engage in such Non-Debtor Seller Transaction. Any breach of this Section 7 by any Non-Debtor Seller shall be a basis for termination of any injunction against such breaching Non-Debtor Seller provided for in Section 8 hereof, *provided, however*, all of the obligations of each of the Non-Debtor Sellers under this Stipulation shall continue in full force and effect notwithstanding such termination of the injunction against such breaching Non-Debtor Seller. To the extent any Non-Debtor Seller disposes of any personal property, except as provided above, that is subject to the lien of an Enjoined Party while this Stipulation is in effect, the Enjoined Party's lien shall attach to the proceeds of such sale and the Non-Debtor Seller shall place those proceeds into an escrow account (on terms and conditions reasonably agreed by the Non-Debtor Sellers and the Enjoined Parties asserting liens in the related assets).

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

8. <u>Injunction Regarding Property and Assets of Non-Debtor Sellers</u>. In exchange for the cooperation of the Non-Debtor Sellers with respect to the sale of the Sale Properties through these Bankruptcy Cases as contemplated herein, and as a condition to the effectiveness of this Stipulation, the Debtors shall (i) obtain, either through stipulation[4] with the parties identified on **Exhibit D** hereto (along with any successors-in-interest or assignees, the "<u>Enjoined Parties</u>"), or (ii) an order of the Bankruptcy Court with respect to the Enjoined Parties, an agreement or injunction, respectively, prohibiting the Enjoined Parties from taking the following actions (the "<u>Enjoined Actions</u>") with respect to assets or property of any of the Non-Debtor Sellers pursuant to Sections 362 and 105 of the Bankruptcy Code, including, but not limited to:

    a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Non-Debtor Sellers;

    b. the enforcement, against any Non-Debtor Sellers of any judgment obtained against such Non-Debtors Seller;

    c. any act to obtain possession of property of any of the Non-Debtor Sellers or to exercise control over property of any Non-Debtor Sellers;

    d. any act to create, perfect, or enforce any lien against property of the any Non-Debtor Sellers;

    e. any act to collect, assess, or recover a claim against any Non-Debtor Sellers;

---

[4] Attached as Exhibit E hereto is a form of consent for each Enjoined Party with respect to the injunction set forth in this Section 8.

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 12

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

*provided further*, that the Debtors will use reasonable efforts to obtain a similar stipulation or injunction against any other party that seeks to take any Enjoined Action with respect to the property or assets of any Non-Debtor Sellers, or, the Debtors may seek an injunction that more broadly protects the Non-Debtor Sellers with respect to actions by their creditors, and the Debtors' failure to obtain such injunction, including the denial of a request for such an injunction by the Bankruptcy Court, shall be a breach of this Stipulation and, on written notice to the Debtors (including via electronic mail), the Non-Debtor Sellers may terminate their continued performance hereunder. In addition, if the Debtors fail to seek or obtain an injunction against a party that seeks to take an Enjoined Action to the property or assets of any Non-Debtor Sellers, any Enjoined Party with an interest in such property or assets of such Non-Debtor Sellers, may, on five (5) business days' notice, seek an order from the Court terminating the injunction against such Enjoined Party with respect to such property or assets of the Non-Debtor Sellers, *provided, further*, the rights of the Parties with respect to any such request are reserved. Notwithstanding the above, such injunction shall not prohibit the Debtors or the Committees from seeking reasonable informal or formal discovery in the Bankruptcy Cases pursuant to Bankruptcy Rule 2004 with respect to any Non-Debtor Sellers subject to the rights of such Non-Debtor Sellers to object to such discovery. The Enjoined Parties and the Mortgagees shall have the right to receive promptly any

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 13

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 55 of 73

written discovery and attend any depositions in connection with any discovery conducted by the Debtors or the Committees. To the extent that any Enjoined Party or Mortgagee believes additional discovery is necessary or appropriate, nothing in this Stipulation shall prohibit such Enjoined Party or Mortgagee from filing a motion before the Bankruptcy Court seeking discovery relating only to an analysis of the assets and liabilities of the Non-Debtor Sellers and the rights of all Parties with respect to any such motion or discovery requests are expressly reserved. Notwithstanding the foregoing, nothing in this Stipulation will prevent any party from filing a claim in the probate proceedings regarding the estate of Gale Easterday. Additionally, notwithstanding the above, nothing herein shall prevent the Committees from filing motions seeking standing to bring derivative actions against any of the Non-Debtor Sellers or filing objections to claims of any Non-Debtor Sellers, *provided, further*, that all rights of the Parties are reserved with respect to such standing motion or objections to claims, and, *provided, further*, that if any such motion for standing is granted, or any objection to any such claim is permitted to go forward, including requiring a response by any Non-Debtor Seller, prior to the termination of this Stipulation, then this Stipulation shall be deemed terminated and no Party, including any Enjoined Party, shall have any further obligation hereunder. The Debtors agree to oppose any such motion for standing and to seek to adjourn any proceedings with respect to such objection to claim, and any

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

failure timely to do so or failure to be successful in such opposition or in obtaining such adjournment to be successful shall be a breach by the Debtors of this Stipulation and shall entitle the Non-Debtor Sellers to terminate this Stipulation and cease their performance hereunder.

9. <u>Financial Information of Non-Debtor Sellers</u>.  It shall be a condition to entry into this Stipulation that each of the Non-Debtor Sellers shall provide the Debtors, the Committees, the Enjoined Parties and the Mortgagees with a statement of personal assets and liabilities and other financial information reasonably requested by the Debtors and the Committees within five (5) days from the entry of an order approving this Stipulation.

10. <u>Representation and Warranty Regarding Estate of Gale Easterday</u>.  Karen Easterday hereby represents and warrants that she is the sole legal representative of the estate of Gale Easterday and has the power and authority to execute this Stipulation and to perform all of the acts required hereunder, including, but not limited to, selling the interests of Gale Easterday in any of the Non-Debtor Seller Properties.

11. <u>Waiver of Default</u>.  The Debtors shall provide notice to the Non-Debtor Sellers, the Committees, the Mortgagees and the Enjoined Parties of any default by any Non-Debtor Seller hereunder.  The Debtors shall further provide five (5) business days' notice to the Non-Debtor Sellers, the Committees, the Mortgagees and the Enjoined

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 15

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Parties of any determination by the Debtors to waive any such default. Any of the Committees, the Mortgagees and Enjoined Parties may challenge the waiver of such default and the rights of all Parties with respect to any such challenge are reserved. This Stipulation shall remain in full force and effect notwithstanding such waived default unless the Debtors agree in writing or there is an order of the Bankruptcy Court denying the ability of the Debtors to waive such default.

12. <u>Participation of Committees</u>. Farms and Ranches hereby agree that with respect to any of the matters referred to herein as to which the agreement or determination of either of the Debtors are required, such Debtor shall include both of the Committees in any negotiations on such issues.

13. <u>Term of Agreement</u>. This Stipulation will terminate upon the earlier of (i) the effective date of any confirmed plan of reorganization or liquidation in the Bankruptcy Cases, (ii) August 31, 2021 if no Sale Transaction is approved by the Bankruptcy Court prior to such date, or (ii) December 31, 2021. If there is a material adverse change with respect to the treatment of KE and DE pursuant to the Final Cash Collateral Orders, then KE and DE may, on written notice to the Debtors and the Enjoined Parties (including via electronic mail), terminate their continued performance hereunder, provided that such performance shall continue with respect to any Sale

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 16

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 58 of 73

Transaction that has been approved by the Bankruptcy Court prior to the provision of such notice of termination.

14. <u>Immediate Effect of this Stipulation Upon the Court's Approval</u>. Notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, of the Local Bankruptcy Rules, the effectiveness of this Stipulation shall not be stayed in any respect. The Stipulation shall be effective immediately upon entry.

15. <u>Binding Effect</u>. This Stipulation is binding upon the Parties, their successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

16. <u>Jurisdiction</u>. The court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Stipulation.

17. <u>Notice</u>. Any notice to be given under this stipulation may be given by electronic mail at counsel for the applicable party at the address for notice as provided in Exhibit F hereto.

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 17

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED April 28, 2021.     BUSH KORNFELD LLP

_/s/ Thomas Buford_
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted _Pro Hac Vice_)
JEFFREY W. DULBERG (Admitted _Pro Hac Vice_)
MAXIM B. LITVAK (_Admitted Pro Hac Vice_)
PACHULSKI STANG ZIEHL & JONES LLP

_Attorneys for Debtors and Debtors in Possession_

DATED April 28, 2021.     SUSSMAN SHANK LLP

_/s/ Jeffrey Misley_
JEFFREY C. MISLEY (WSBA 850674)
SUSSMAN SHANK LLP

_Attorneys for Cody and Debby Easterday_

DATED April 28, 2021.  TONKON TORP LLP

_/s/ Timothy Conway_
TIMOTHY J. CONWAY (WSBA 52204)
TONKON TORP LLP

_Attorney for Karen Easterday, individually and as personal representative of the probate estate of Gale Easterday_

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**EXHBIT A**

**Sale Properties**

*Debtor Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Nine Canyon Farms | Ranches | Prudential Insurance Company of America ("Prudential") |
| Storage Complex | Farms | LTM Investments LLC |

*Joint Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Cox Farm | Ranches, Farms, Non-Debtor Sellers | Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company |
| River Farm | Farms, Non-Debtor Sellers | Prudential |

*Non-Debtor Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Goose Gap Farm | Non-Debtor Sellers | Prudential |

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT B
## SALE PROCEDURES MILESTONES[5]

| Event | Proposed Deadlines |
|---|---|
| Deadline to File Notice of Intent to Assume and Assign Transferred Contracts and Proposed Cure Amounts | May 5, 2021 |
| Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability) | Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed |
| Deadline to File Objections to Proposed Cure Amounts | May 17, 2021 |
| Deadline to File and Serve Sale Notice | Four (4) days after entry of the Stalking Horse Approval Order |
| Deadline to Submit Bids | May 31, 2021 at 4:00 p.m. (Pacific Time) |
| Survey Contingency Waiver Deadline | June 8, 2021 at 5:00 p.m. (Pacific Time) |
| Deadline for Debtors to Notify Bidders of Status as Qualified Bidders | June 10, 2021, at 5:00 p.m. (Pacific Time) |
| Auction (if necessary) | June 14, 2021, at 10:00 a.m. (Pacific Time) |

---

[5] The Proposed Deadlines remain subject to approval of the Bankruptcy Court in connection with the Bidding Procedures Motion.

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| Event | Proposed Deadlines |
|---|---|
| Deadline to File Notice of (a) Successful Bid and Backup Bid and (b) Identity of Successful Bidder and Backup Bidder | One day following conclusion of the Auction |
| Deadline to File (a) Objections to Sale and (b) Objections to Assumption and Assignment of Contracts | [●], 2021 at 4:00 p.m. (Pacific Time) |
| Reply Deadline | [●], 2021 at 4:00 p.m. (Pacific Time) |
| Sale Hearing Date | [●], 2021 at 4:00 p.m. (Pacific Time) |

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 63 of 73

**EXHIBIT C**

**APPROVED NON-DEBTOR SELLER TRANSACTIONS**

The encumbrance of certain property and assets of the entities described below (certain of the Non-Debtor Sellers hold ownership interests in these entities) in connection with the transactions (the "Lindsay Canyon Transactions") contemplated pursuant to that *Binding Term Sheet* or final terms approved at the hearing thereon (the "Term Sheet")[1] by and among (i) Farms, (ii) Ranches, (iii) Canyon Farm, LLC  and Canyon Farm II, LLC ("Canyon Farm"), (iv) 3C Farms, LLC ("3C Farms"), and (v) Easterday Farms Dairy, LLC ("Dairy"), including, but not limited to, pledge or guaranty of any of the property or interests of 3E Properties, 3C Farms, Easterday Farm Produce, Co., and Dairy as collateral to secure financing related to the entry of 3C Farms and Dairy into the Lindsay Canyon Transactions. For the avoidance of doubt, the property or assets to be pledged are the assets of the separate corporate entities in which Non-Debtor Sellers hold equity or other ownership interests and are not assets or property owned directly by any Non-Debtor Seller, and Debtors are including their consents to the transactions of these entities in connection with the Lindsay Canyon Transactions for purposes of full disclosure and out of an abundance of caution in light of Debtors' role in the Lindsay Canyon Transactions.

---

[1] The Term Sheet was filed with the Bankruptcy Court as part of the Emergency Motion For An Order Approving (I) Lindsay Canyon Binding Term Sheet And Authorizing Entry Into Definitive Documentation; (II) Scheduling  Hearing To Approve Entry Into Dip Financing Loan; And (III) Granting Related Relief [Dkt. No. 465]

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    .

2

3

4    Any disposition by CE and DE of their ownership interests in Easterday Farms Dairy,

5    LLC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**EXHIBIT D**

**ENJOINED PARTIES[7]**

Washington Trust Bank

Tyson Fresh Meats, Inc.

Prudential Insurance Company of America

Deere & Company  d/b/a John Deere Financial

Rabo Agrifinance LLC

CHS Capital, LLC

---

[7] The parties identified on this Exhibit D have asserted or threatened to assert claims or take action seeking to enforce rights against one or more of the Non-Debtor Sellers.  As noted in paragraph 8 of the Stipulation, Debtors reserve the right to seek to enjoin any other party asserting claims or seeking to enforce rights against any of the Non-Debtor Sellers.

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT E

## FORM OF CONSENT TO INJUNCTION

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.:  (206) 292-2110
Facsimile:  (206) 292-2104
Emails:  jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

HONORABLE WHITMAN L. HOLT

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile:   (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 Jointly Administered |
| Debtors.[8] | **CONSENT TO INJUNCTION RELATING TO NON-DEBTOR SELLERS IN CONNECTION WITH COOPERATION AGREEMENT** |

---

[8] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:43062.1 20375/001

CONSENT TO INJUNCTION – Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**WHEREAS**, Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[9] and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers"), entered into that certain *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation with Respect to the Sale of Debtor and Non-Debtor Assets* (the "Cooperation Agreement").[10]

**WHEREAS**, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

**WHEREAS**, on February 8, 2021, Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on April 28, 2021, the Bankruptcy Court entered an order approving the Debtors' entry into the Cooperation Agreement [Docket No. ____].

**WHEREAS**, pursuant to the terms of the Cooperation Agreement, the Debtors are required to enter into a stipulation or otherwise obtain an injunction with respect to any party taking action to enforce rights or remedies against property or assets of the Non-Debtor Sellers.

---

[9] Gale Easterday passed away on December 10, 2020.

[10] A copy of the Cooperation Agreement is attached hereto as **Exhibit A**. Capitalized Terms used and not otherwise defined herein have the meaning ascribed thereto in the Cooperation Agreement.

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**WHEREAS** [Name of Party] (the "Enjoined Party") asserts interests in the property or assets of the Non-Debtor Sellers.

**WHEREAS**, the Enjoined Party has reviewed the terms and conditions of the Cooperation Agreement.

**WHEREAS**, in an effort to maximize the value of the Sale Properties, the Enjoined Party is willing to consent to certain provisions of the Cooperation Agreement on the terms and conditions set forth herein and in the Cooperation Agreement.

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

1. <u>Consent to Injunction</u>. Subject to the terms and conditions of the Cooperation Agreement, the Enjoined Party consents to be bound by the terms of the injunction set forth in the "Injunction Regarding Property and Assets of Non-Debtor Sellers" section of the Cooperation Agreement. For the avoidance of doubt, this injunction will terminate upon the termination of the Cooperation Agreement or as such injunction may otherwise be terminated pursuant to the terms of the Cooperation Agreement.

2. <u>Entry Into this Consent is Without Prejudice</u>.

   a. Except for the consent to injunction set forth in section 1 above, nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any claim or cause of action against any of the Non-Debtor Sellers or the Debtors, including, without limitation, the right of the Enjoined Party to move under 28 U.S.C. § 157 to withdraw the reference following termination of the injunction.

   b. Nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any valid and properly perfected liens (including

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any party and any and all defenses of the Enjoined Party are also reserved.

3.     <u>Binding Effect</u>. This Consent is binding upon the Enjoined Party, its successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

4.     <u>Jurisdiction</u>. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Consent, provided, however, that the District Court shall have jurisdiction over any motion filed pursuant to 28 U.S.C. § 157.

**IT IS SO CONSENTED, THROUGH COUNSEL OF RECORD**

**[SIGNATURES TO FOLLOW]**

DOCS_NY:43062.1 20375/001
CONSENT TO INJUNCTION – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**EXHIBIT F**

**ADDRESSES FOR NOTICE**

| Notice Party | Counsel Name and Address | Email Address |
| --- | --- | --- |
| Cody Easterday & Debby Easterday | Sussman Shank LLP<br>1000 SW Broadway<br>Suite 1400<br>Portland, OR 97205<br><br>Attn: Jeffrey C. Misley | jmisley@sussmanshank.com<br>jhume@sussmanshank.com |
| Karen Easterday (in her personal capacity and as the representative of Gale Easterday) | Tonkon Torp LLP<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, Oregon 97204<br><br>Attn: Timothy J. Conway | tim.conway@tonkon.com |
| Farms | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101<br><br>Attn: Thomas Buford | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |
| Ranches | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101 | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |

DOCS_NY:43062.1 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-80044-WLH    Doc 1    Filed 06/28/21    Entered 06/28/21 16:37:28    Pg 71 of 73

| | | |
|---|---|---|
| | Attn: Thomas Buford | |
| Ranches Committee | Cooley LLP<br>1700 Seventh Avenue, Suite 1900<br>Seattle, Washington 98101<br><br>Attn: Jay R. Indyke | cspeckhart@cooley.com<br>jindyke@cooley.com<br>mklein@cooley.com |
| Farms Committee | Buchalter<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-1730<br><br>Attn: Julian Gurule | jgurule@buchalter.com<br>jwelch@Buchalter.com |
| Washington Trust Bank | Lukins & Annis, P.S.<br>717 W Sprague Ave, Suite 1600<br>Spokane, WA 99201-0466<br><br>Attn: Trevor Pincock | tpincock@lukins.com<br>bjackowich@lukins.com |
| Tyson Fresh Meats, Inc. | Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101-3099<br><br>Attn: Alan D. Smith | ADSmith@perkinscoie.com<br>BCosman@perkinscoie.com |
| Prudential Insurance Company of America | Bryan Cave Leighton Paisner LLP<br>161 North Clark Street Suite 4300<br>Chicago, IL 60601-3315<br><br>Attn: Jason J. Dejonker | jason.dejonker@bclplaw.com<br>Timothy.bow@bclplaw.com<br>Marc.cox@bclplaw.com<br>Brian.walsh@bclplaw.com |
| Deere & Company d/b/a John Deere Financial | Hillis Clark Martin & Peterson P.S.<br>999 Third Avenue<br>Suite 4600<br>Seattle, WA 98104<br><br>Attn: Amit D. Ranade | amit.ranade@hcmp.com |

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | | |
|---|---|---|
| Rabo Agrifinance LLC | Ray Quinney & Nebeker P.C.<br>36 South State Street, 14th Floor<br>Salt Lake City, Utah 84145-0385<br><br>Attn: David H. Leigh | dleigh@rqn.com<br>mjohnson@rqn.com |
| CHS Capital, LLC | Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402, USA<br><br>Attn: Michael F. Doty<br>Michael R. Stewart<br><br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br><br>Attn: Gregory R. Fox<br>William Brunnquell | foxg@lanepowell.com<br>brunnquellw@lanepowell.com<br>michael.stewart@faegredrinker.com<br>michael.doty@faegredrinker.com |
| Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company | Paukert & Troppmann, PLLC<br>522 W. Riverside Avenue<br>Suite 560<br>Spokane, WA 99201<br><br>Attn: Michael J. Paukert | mpaukert@pt-law.com |
| LTM Investments LLC | Cairncross & Hempelmann, P.S.<br>524 Second Avenue<br>Suite 500<br>Seattle, WA 98104-2323<br><br>Attn: John R. Rizzardi | jrizzardi@cairncross.com<br>jfaubion@cairncross.com<br>aparanjpye@cairncross.com |

DOCS_NY:43062.1 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104